[Cite as *State v. Roberts*, 2025-Ohio-5583.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>MIKAL ROBERTS,<br><br>    Defendant – Appellant | Case No. 2025CA0002<br><br>Opinion And Judgment Entry<br><br>Appeal from the Morrow County Court of Common Pleas, Case No. 2024-CR-0085<br><br>Judgment:   Affirmed<br><br>Date of Judgment Entry: December 15, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; David M. Gormley, Judges

**APPEARANCES:** EDWIN M. BIBLER, Assistant Prosecuting Attorney, for Plaintiff-Appellee; WILLIAM T. CRAMER, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}   The appellant, Mikal Roberts, appeals his conviction and sentence for failure to comply with an order or signal of a police officer in the Morrow County Court of Common Pleas. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   On August 22, 2024, the appellant was indicted on one count of Felonious Assault in violation of R.C. 2903.11(A)(2), Failure to Comply with an Order or Signal of a Police Officer in violation of R.C. 2921.331(B), and Stopping after Accident in violation of R.C. 4549.02.

{¶3}   On November 4, 2024, the matter proceeded to a jury trial.

{¶4} At trial, the appellant's attorney conceded that the appellant was guilty of Failure to Comply with an Order or Signal of a Police Officer.

{¶5} The jury found the appellant not guilty of Felonious Assault and Failure to Stop after an Accident but guilty on Failure to Comply with an Order or Signal of a Police Officer.

{¶6} On January 10, 2025, the trial court sentenced the appellant.

{¶7} The appellant filed a timely notice of appeal and herein raises the following assignment of error:

{¶8} "I. APPELLANT'S RIGHT TO APPEAR AND DEFEND IN PERSON AND CONTROL THE OBJECTIVES OF THE LITIGATION UNDER THE OHIO CONSTITUTION, ARTICLE I, SECTION 10, WAS VIOLATED BY COUNSEL'S CONCESSION OF GUILT ON THE FAILURE TO COMPLY CHARGE."

## I.

{¶9} In his first assignment of error, the appellant argues that counsel's concession of guilt, contrary to his desire to maintain innocence, constitutes structural error. He specifically states he is not arguing ineffective assistance of counsel, asserting instead that the error lies in the violation of his autonomy protected by the Sixth Amendment. *See McCoy v. Louisiana*, 584 U.S. 414, 138 S.Ct. 1500, 200 L.Ed.2d 821. We disagree.

## ANALYSIS

{¶10} "When a client expressly asserts that the objective of 'his defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." *Id*. Conceding guilt before a jury is not a

strategic decision for counsel to make, subject to an ineffective-assistance of counsel standard. *United States v. Hashimi*, 110 F.4th 621, 625 (4th Cir.2024). "Instead, the defendant has a Sixth Amendment-secured autonomy right to make that choice himself, and a violation of that right ranks as structural error calling for reversal." *Id*., citing *McCoy* at 424. Counsel may not concede guilt when presented with express statement of his client's will to maintain innocence. *McCoy* at 424.

{¶11} In *McCoy*, the Supreme Court of the United States noted that the record contained "express statements of the client's will to maintain innocence." *Id.* As the appellant concedes, the record here contains no such evidence of disagreement with counsel's concession of guilt. Instead, the appellant asks this Court to recognize broader protections under the Ohio Constitution by placing the burden on the State or trial court to establish a defendant's agreement to concede guilt, without offering supporting analysis from other areas of Ohio law. We decline to do so.

{¶12} Accordingly, we find no violation of the appellant's rights under the Sixth Amendment to the United States Constitution or Article I, Section 10 of the Ohio Constitution.

{¶13} The appellant's sole assignment of error is overruled.

## CONCLUSION

{¶14} Based upon the foregoing, the judgment of the Morrow County Court of Common Pleas is hereby affirmed.

{¶15} Costs to the appellant.

By: Baldwin, P.J.

King, J. and

Gormley, J. concur.